

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
05/31/2017

| | § | |
|---|---|---|
| IN RE | § | |
| | § | |
| | § | |
| PORTER DEVELOPMENT, | § | CASE NO. 15-31305-H5-7 |
| PARTNERS, LLC, | § | |
| | § | |
| | § | |
| Debtors, | § | |
| | § | |

## ORDER

The Court has received the "Petitioners' Request for Findings of Fact and Conclusions of Law" (Docket No. 152) and the "Motion for New Trial, Motion for Rehearing, and Motion to Modify, Correct or Reform the Judgment Denying the Motion for Distribution of Bankruptcy Assets Received from the SEC Kaleta Capital Management Receivership to the Limited Partners of the Debtors (The 'Defrauded Investors' of the SEC KCM Receivership Entities)" (Docket No. 153) filed by Wayne M. English and James D. Colling.  The Court denies the relief requested in the motion at Docket No. 153 and grants the request for Findings of Fact and Conclusions of Law as set forth herein, with respect to the Court's denial on April 12, 2017 of the "Motion for Distribution of Bankruptcy Assets Received from the SEC Kaleta Capital Management Receivership to the Limited Partners of the Debtors (The 'Defrauded Investors' of the SEC KCM Receivership Entities)" (Docket No. 130).

I. Procedural History

Porter Development Partners, LLC and eighteen other entities associated with nondebtors David Wallace and Costa Bajjali, including Wallace Bajjali Investment Fund II, LP ("Fund II") and WB Real Estate Holdings, LLC ("WB Holdings"), filed Chapter 7 petitions between March 3 and April 2, 2015. Lowell T. Cage is the Chapter 7 Trustee of the jointly administered entities.

II. The District Court Receivership

English and Colling were investors in Fund II. Fund II invested a portion of its funds in BusinessRadio Network, LP ("BizRadio"). The United States Securities and Exchange Commission filed suit (the "Kaleta Litigation") in the United States District Court for the Southern District of Texas against Albert Kaleta and others, including BizRadio, asserting violations of securities law. The District Court appointed Thomas Taylor as receiver in the Kaleta Litigation.

Taylor settled with the Wallace Bajjali entities, and the settlement was approved by the District Court. The settlement provided in part that the Wallace Bajjali entities other than Wallace and Bajjali could participate in the claims process for the distribution of receivership assets.

Fund II filed a claim in the receivership action. On June 24, 2016, Taylor filed a motion for approval of a final plan of distribution of the receivership assets. The District Court granted the motion for approval of the final plan of distribution by order entered on July 19, 2016. On September 13, 2016, nearly two months after the District Court granted the motion for approval of the final distribution, English and Colling objected to the distribution asserting that they are defrauded parties and thus they, rather than Fund II, should be the recipients of the receivership

funds. The District Court held that the objection filed by English and Colling was untimely, and overruled the objection. English and Colling did not appeal the District Court's orders approving the plan of distribution or overruling their objection.

On December 8, 2016, Taylor filed a motion for approval of the final distribution of assets. The District Court granted the motion for approval of the final distribution by order entered on January 5, 2017. Neither English nor Colling appealed the District Court's order approving the final distribution.

Cage testified that he received a check in the amount of $124,716.46 from the receivership on account of Fund II's claim.

III. <u>The District Court's Ruling is Res Judicata of the Motion Filed By English and Colling</u>

English and Colling filed a motion in this Court seeking a distribution to them of the funds Cage received on account of Fund II's claim.

A final judgment on the merits of an action is res judicata and "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). To assess the preclusive effect of a prior judgment on a second proceeding, the Fifth Circuit considers whether: (1) the parties are the same or in privity; (2) a court of competent jurisdiction rendered the judgment in the first proceeding; (3) there is a final judgment on the merits; and (4) the same claim or cause of action was involved in both proceedings. *In re Southmark Corp.*, 163 F.3d 925 (5th Cir.1999); *Swate v. Hartwell*, 99 F.3d 1282 (5th Cir.1996).

The parties before the District Court are in privity. English and Colling appeared before the District Court. Fund II appeared before the District Court, and its powers are now exercised

by the Chapter 7 Trustee. *See* 11 U.S.C. § 323. The District Court had jurisdiction to render judgment in the Kaleta Litigation. The District Court's judgment is final.

English and Colling argue that the same claim was not involved in both proceedings, because they argued in the District Court that they are entitled to the funds, while they argue in this Court that the funds are not property of the bankruptcy estate. That argument lacks merit. The claim English and Colling assert is the same--that they are entitled to the funds that the District Court directed be paid to Fund II. This Court concludes that the District Court's judgment is res judicata of the motion filed by English and Colling. Their claims, if allowed, are against the bankruptcy estate of Fund II, rather than against the funds received by Fund II.

Signed at Houston, Texas on May 31, 2017.

_____
KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE