UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| PORTER DEVELOPMENT | § | CASE NO. 15-31305-H5-7 |
| PARTNERS, LLC | § | |
| WB MURPHY ROAD | § | CASE NO. 15-31307-H5-7 |
| DEVELOPMENT, LLC | § | |
| WB REAL HOLDINGS, LLC | § | CASE NO. 15-31770-H5-7 |
| WALLACE BAJJALI | § | |
| INVESTMENT FUND II, LP | § | CASE NO. 15-31772-H5-7 |
| DEBTORS | | CHAPTER 7 |

### TRUSTEE'S APPLICATION TO EMPLOY STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISORS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE EDUARDO RODRIQUEZ, UNITED STATES BANKRUPTCY JUDGE:

Lowell Cage, chapter 7 trustee (the "Trustee"), files his Application to Employ Stout Risius Ross, LLC as Financial Advisor ("Application") and the Declaration of Loretta R. Cross ("Cross Declaration"), attached as **Exhibit A** hereto in support of the Application, and respectfully states as follows.

## RELIEF REQUESTED

1. The Trustee requests that the Court enter an order substantially in the form of the proposed order attached hereto authorizing the Trustee to retain Stout Risius Ross, LLC ("Stout") as financial advisors to the Trustee effective as of October 9, 2018, pursuant to the terms of the engagement agreement attached hereto as **Exhibit B**.

## JURISDICTION

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of the Debtors' chapter 7 cases ("Chapter 7 Cases") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought are §§ 327(a), 330, and 704(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 6003, and Bankruptcy Local Rule 2014-1.

## BACKGROUND

5. On , March 3, 2015 and/or April 2, 2015 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

6. On , April 9, 2015, Lowell T. Cage was appointed as successor trustee for the Debtors' estates.

7. On May 5, 2015 Trustee moved for the joint administration of the Debtor's cases before this Court. On May 22, 2015, this Court ordered joint administration of Debtor's case and all other related cases of Wallace-Bajjali debtors in Porter Development's Case No. 15-31305. (Doc. No. 19)

8. Since his appointment, the Trustee has been marshaling and liquidating the estates' assets for the benefit of creditors. As reported in his recent Status Report filed on January 23, 2018 (Doc. No. 260), the Trustee has substantially completed his administration of

the Debtors' estates.  Significant cash assets are now held in the Porter, Murphy Road, WB Holdings, and Fund II estates.

## BASIS FOR RELIEF

9. Section 327(a) of the Bankruptcy Code authorizes a trustee to employ professional that do not hold or represent an interest adverse to a debtor's estate and that are disinterested persons to assist him with his duties under the Bankruptcy Code.  The Trustee's retention of Stout is necessary to enable the Trustee to fulfill his duties under the Bankruptcy Code and is in the best interests of the Debtors' estates.

**A.  Stout's Qualifications.**

10. Stout has substantial expertise and experience in all aspects of bankruptcy and has advised trustee or debtors-in-possession in numerous cases in this District.

11. Stout possesses the experience, ability, and resources necessary to provide the financial advisory services that the Trustee will need during the pendency of these Chapter 7 Cases.  Therefore, the Trustee believes that Stout is uniquely qualified to provide the Trustee with efficient and effective services in these Chapter 7 Cases.

**B.  Scope of Services.**

12. The duties of a Trustee are set forth in § 704(a) of the Bankruptcy Code, which states that the Trustee shall:

> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
>
> (2) be accountable for all property received;
>
> (3) ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title;
>
> (4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

. . .

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

. . .

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee; . . ..

11 U.S.C. § 704(a).

13. Stout will perform the following tasks for the Trustee, including but not limited to the following:

- Perform litigation consulting services related to transactions entered into by the Debtor prior to the filing of the bankruptcy

- Provide expert witness services, if requested by the Trustee;

- Prepare any reports required by the Bankruptcy Code, upon request;

- Assist with the claims-resolution process, including, but not limited to, analyzing creditors' claims by type and entity; and

- As needed, provide assistance with preparation of pleadings.

C. **Stout's Disinterestedness.**

14. To the best of the Trustee's knowledge, the partners and other professionals at Stout do not have any interest adverse to the Debtors. To the best of the Trustee's knowledge, the professionals at Stout do not have any connections with the Debtors, their creditors, or other significant parties-in-interest, or their respective attorneys and accountants, other than as disclosed in the Cross Declaration.

15. Based upon the Cross Declaration, the Trustee submits that Stout is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

16. The Trustee has been informed that Stout will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Stout will supplement its disclosure to the Court. Based on the Cross Declaration, the Trustee believes that Stout is in compliance with the requirements of §§ 327(a), 328 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

**D.     Stout's Compensation.**

17. Stout intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"), the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any orders of this Court in these Chapter 7 Cases (the "Orders"), for all services performed and expenses incurred during its representation of the Trustee.

18. Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, the Trustee proposes to pay Stout its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Cross Declaration. The Trustee submits that Stout's customary terms of reimbursement, compensation, and hourly rates are reasonable. Stout will notify the Trustee and the U.S. Trustee of any change in the hourly rates charged by Stout for services rendered while the Chapter 7 Cases are pending.

19. Stout intends to seek reimbursement for expenses incurred in connection with its representation of the Trustee in accordance with Stout's normal reimbursement policies and standard terms of retention, subject to any modifications as to such policies and standard terms

that Stout may be required to make to comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines or Orders.  Stout's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  Other reimbursable expenses (whether the service is performed by Stout in-house or through a third-party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.  As discussed above, however, Stout will not seek reimbursement of any such expenses to the extent inconsistent with the Guidelines, Local Rules, or Orders of the Court.

## NO PRIOR REQUEST

20. No prior motion or application for the relief requested herein has been made to this Court or any other court.

## PRAYER

21. The Trustee respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto and grant any other appropriate relief.

Dated:  October 11, 2018                    Respectfully submitted,

*/s/ Lowell T. Cage*
Lowell T. Cage
TBA No. 03591000
Theresa Mobley
TBA No. 14238600
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, TX  77057
(713) 789-0500 telephone
(713) 974-0344 facsimile
LCAGE@CAGEHILL.COM
*Chapter 7 Trustee for the Debtors*

## **CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Local Rule 9003-1, this document was served on October 12, 2018 via U.S. first class mail or BK/ECF notification on the U.S. Trustee and all creditors and parties in interest as shown on the attached Service List.

*Theresa Mobley*
Theresa Mobley