United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 15-31305 |
| PORTER DEVELOPMENT PARTNERS, LLC | § | |
| | § | |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 7 |

## MEORANDUM OPINION

James Pier, Michael Dorsey, Jim Maas, Jimmy Harrell & Carolyn Graves, Albert & Sathya Furtado, Ron & Emily Bass, Randall DePue, Blake Taylor, and Donald Taylor, individually and as Trustee for the Ethelyn Taylor Trust and the Roger Taylor Trust seek reconsideration of this Court's Order disallowing their claims pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008. On December 15, 2022, the Court conducted a hearing and for the reasons stated herein, James Pier, Michael Dorsey, Jim Maas, Jimmy Harrell & Carolyn Graves, Albert & Sathya Furtado, Ron & Emily Bass, Randall DePue, Blake Taylor, and Donald Taylor, individually and as Trustee for the Ethelyn Taylor Trust and the Roger Taylor Trust's motion for reconsideration of this Court's Order disallowing their claims pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008 is granted. The May 13, 2022 Judgement (ECF No. 793) is vacated.

### I.   FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This

Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

### A. Procedural History

1. For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's May 13, 2022 Memorandum Opinion.[1]

2. On May 13, 2022, this Court issued its Memorandum Opinion and Judgment disallowing the claims filed by James Pier, (claims 67,68,76 and 79), Michael Dorsey, (63, 64, 73, 75), Jim Maas, (claims 66, 67, 75, 78), Jimmy Harrell & Carolyn Graves, (claims 65, 66, 77, 3-2), Albert & Sathya Furtado, (claims 64, 65, 74, 76), Ron & Emily Bass, (61, 62, 71, 73), Randall DePue, (62, 63, 72, 74), Blake Taylor, (60, 61, 72, 10-2), and Donald Taylor, individually and as Trustee for the Ethelyn Taylor Trust (69, 60, 70, 71), and the Roger Taylor Trust, (58, 59, 69, 70) (the "*Taylor Claimants*") based on lack of standing.[2] Additionally, as for Donald Taylor, the Court (i) allowed Claim No. 9-2 in the amount of $400,000 for unpaid promissory notes to WB Murphy Road Development, LLC. but the remaining $575,000 was disallowed against WB Murphy Road Development, LLC.; and (ii) allowed claim No. 14-2 in the amount of $36,796.10 for unpaid promissory notes to Porter Development Partners, LLC and disallowed the remaining $938,203.90 (collectively with the Taylor Claimants' claims "*the Claims*").[3]

3. On November 2, 2022, Taylor Claimants filed the instant "Taylor Claimants' Motion To Reconsider Claims and Claim Objections" ("*Motion To Reconsider*").[4]

4. On November 21, 2022, Lowell T. Cage ("*Trustee*") filed his "Response Of Lowell T. Cage, Trustee To Taylor Claimants' Motion To Reconsider Claims And Claim Objections" ("*Response*").[5]

5. On December 15, 2022, the Court held a hearing ("*Hearing*") and now issues its instant Memorandum Opinion.[6]

---

[1] ECF No. 792.
[2] ECF No. 793.
[3] *Id.*
[4] ECF No. 869.
[5] ECF No. 874.
[6] ECF No. 884.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction, Venue, and Constitutional Authority to Enter a Final Order

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012-6.[7] While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations for non-core proceedings.[8] 28 U.S.C. § 157 provides a non-exclusive list of matters considered core proceedings. Included in that list and relevant here is the allowance or disallowance of claims against the estate.[9] However, the claimants' claims are solely based on state law causes of action, which are non-core.

"Whether a pre-petition state law claim constitutes either a core or non-core proceeding depends upon (1) whether the creditor filed a proof of claim with the bankruptcy court and (2) the relationship between the state action and proof of claim."[10] "Where a party has filed a proof of claim in a debtor's case, any action asserted by that party against the debtor that raises the same issues as those encompassed by the proof of claim is a core proceeding under the authority of 28 U.S.C. § 157(b)(2)(B)."[11] Because the Taylor Claimants' state law causes of action are asserted as the basis of their claims,[12] this is a core proceeding and thus, this Court has constitutional authority to enter a final judgment.

---

[7] *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[8] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668-72, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015).
[9] 28 U.S.C. § 157(b)(2)(A), (B), (O).
[10] *Barbknecht Firm, P.C. v. Keese (In re Keese)*, No. 18-40817, 2021 Bankr. LEXIS 478, at *54 (Bankr. E.D. Tex. Feb. 28, 2021) (quoting *Ramco, Inc. v. Charles Guy Evans & Sons, Inc. (In re Charles Evans Trucking Inc.)*, 595 B.R. 715, 722-23 (Bankr. S.D. Miss. 2018)).
[11] *In re Charles Evans Trucking Inc.*, 595 B.R. at 723 (quoting *In re Best Reception Sys.*, 220 B.R. 932, 944-45 (Bankr. E.D. Tenn. 1998) (collecting cases including *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97-97 (5th Cir. 1987))).
[12] Claim Nos. 14-2, 70-1, 71-1, 72-1, 73-1, 74-1, 75-1, 76-1, 77-1, 78-1, 79-1 ("What is the basis of the claim? Conspiracy to commit fraud to induce loans and investments.").

However, even if the state law nature of the claimants' causes of action make this a non-core proceeding, the Trustee explicitly consented to this Court's entry of final judgments on non-core matters by filing a Notice of Consent[13] and the Taylor Claimants implicitly consented.[14] The Taylor Claimants never filed a Notice of Non-Consent and have appeared before this Court and engaged in motions practice, without ever objecting to this Court's authority to enter a final judgment. Therefore, this Court has consent, both express and implied, to enter a final judgment in this case.

Finally, venue is governed by 28 U.S.C. §§ 1408 and 1409. Venue is proper because the Court is currently presiding over the debtors' bankruptcy cases.[15]

### III.     ANALYSIS

**A. The Taylor Claimants' Motion to Reconsider**

Pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008, the Taylor Claimants seek reconsideration of this Court's May 13, 2022 Order[16] disallowing the Claims.[17] Bankruptcy Code § 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause."[18] Bankruptcy Rule 3008 implements this Code section, providing that a "party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."[19]

---

[13] ECF No. 634.
[14] *Sharif*, 575 U.S. at 683 ("Sharif contends that the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be express. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute 28 U.S.C. § 157, mandate express consent . . . .").
[15] ECF No. 1.
[16] ECF No. 793.
[17] ECF No. 869.
[18] 11 U.S.C. § 502(j); *In re Renaissance Radio, Inc.*, No. 03-33479-BJH, 2019 Bankr. LEXIS 1047, at *17 (Bankr. N.D. Tex. 2019).
[19] FED. R. BANKR. P. 3008.

When deciding whether to reconsider a claim, the Fifth Circuit has held that bankruptcy courts may exercise "virtually plenary" discretion.[20]

However, the Fifth Circuit has also held that courts should exercise caution when applying this expansive discretion.[21] It has urged bankruptcy courts not to allow parties to use § 502(j) as a means to rehash already litigated issues.[22] Specifically, the Fifth Circuit concluded in *Colley*:

> The court's broad discretion should not, however, encourage parties to avoid the usual rules for finality of contested matters. Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60 into all matters governed by the Bankruptcy Rules except, inter alia, "the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b) . . . ." "We interpret 9024 to provide that, when a proof of claim has in fact been litigated between the parties to a bankruptcy proceeding, the litigants must seek reconsideration of the bankruptcy court's determination pursuant to the usual Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim. The elaboration of Section § 502(j)'s requirement of "cause" for reconsideration by the Rule 60 criteria substantially eliminates the "tension with the right of an appeal from an erroneous final order."[23]

Accordingly, Fifth Circuit precedent requires that bankruptcy courts apply Rule 60(b) standards to the reconsideration of claims that *have in fact been litigated*.[24] By inference, this also means that "Rule 60(b) standards do not apply if the parties have not in fact litigated the proof of claim."[25] Indeed, in applying Fifth Circuit law, this Court has already held that:

> [I]f the parties have not litigated the merits of the proof of claim, Rule 60 is inapplicable and the bankruptcy court has wide discretion pursuant to § 502(j) to determine whether "cause" exists for reconsidering the allowance of a claim.[26]

Therefore, this Court must now determine whether the merits of the Taylor Claimants' Claims have in fact been previously litigated. If the Claims have in fact been litigated, Rule 60

---

[20] *Colley v. Nat'l Bank of Tex. (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) (internal citations omitted).
[21] *Id.*
[22] *See id.*
[23] *Id.*
[24] *Ruth v. LVNV Funding, Inc. (In re Ruth)*, 473 B.R. 152, 162 (Bankr. S.D. Tex. 2012).
[25] *Id.*
[26] *In re Jack Kline Co.*, 440 B.R. 712, 741 (Bankr. S.D. Tex. 2010).

will guide the for cause standard under § 502(j). If the Claims have not in fact been litigated, Rule 60 is inapplicable and the Court will simply exercise its "virtually plenary" discretion.

### 1. Whether the Taylor Claimants' Claims have in fact been litigated

Here, the Taylor Claimants contend that the Claims have not in fact been litigated and that Rule 60(b) does not apply.[27] The basis of the Taylor Claimants' assertion is that the Court's decision in the May 13, 2022 Judgment[28] rested on a procedural issue and thus the merits of the Claims have not yet been decided.[29] In the Response, Trustee asserts that the Taylor Claimants' interpretation is misguided and that the Claims have in fact been litigated.[30]

As detailed above, if a proof of claim has in fact been litigated, the requests for reconsideration will be subject to the Rule 60(b) standard.[31] In support of their position that their Claims have not in fact been litigated and the Rule 60(b) is inapplicable, the Taylor Claimants cite to *In re Ruth*.[32] In that case, a proof of claim was deemed allowed by the Local Rules after the debtors failed to timely object.[33] Subsequently, pursuant to § 502(j), the debtors filed a motion for reconsideration of the court's decision to allow the claim.[34] In analyzing whether Rule 60(b) also applied, the court in *In re Ruth* ultimately determined that the merits of the proof of claim had not in fact been litigated.[35] The court reasoned that if no party objects to the allowance of a claim, then the merits of the claim will not be deemed litigated "until the conclusion of the case."[36] Since the debtors' chapter 13 case was ongoing, the proof of claim in that case was not litigated in fact.[37]

---

[27] ECF No. 869.
[28] ECF No. 793.
[29] *Id.*
[30] ECF No. 874.
[31] *In re Jack Kline Co.*, 440 B.R. at 741.
[32] 473 B.R. at 162.
[33] *Id.* at 163.
[34] *Id.*
[35] *Id.* at 162.
[36] *Id.*
[37] *Id.*

The facts of *In re Ruth* are clearly distinguishable from the case at hand. Here, the Claims were not allowed or disallowed based on the failure of Trustee to timely object.[38] Instead, this case was litigated as a contested matter.[39] After the Trustee filed a motion for summary judgment ("*Motion for Summary Judgment*"), the Court abated the Motion for Summary Judgment and ordered briefing on the issue of the Taylor Claimants' standing.[40] The Court then determined that several of the Taylor Claimants lacked standing and disallowed numerous claims.[41] Critically, this Court's Judgment[42] disallowing the Claims became a final judgment for purposes of appeal and res judicata *upon entry*.[43] Unlike in *In re Ruth*, this Judgment immediately became a final judgment rather than at the conclusion of the case. This distinction is key because Rule 60(b) specifically applies to final judgments and not interlocutory orders.[44] Thus, the Taylor Claimants' Claims have in fact been litigated.

Since the Claims have in fact been litigated, Rule 60 will guide the for cause standard under § 502(j).

### 2. The Taylor Claimants Rule 60 motion

#### a. Whether the Motion to Reconsider was timely

As a preliminary matter, the Trustee contends that the Court should not consider the merits of the Taylor Claimants' Motion to Reconsider since it was untimely under Rule 60. Rule 60(c)

---

[38] ECF No. 793.
[39] ECF No. 792.
[40] *See* Docket Entry Dec. 14, 2021.
[41] ECF No. 792.
[42] *Id.*
[43] *Lane v. Bank of N.Y. Mellon (In re Lane)*, 959 F.3d 1226, 1230 (9th Cir. 2020) ("If someone files a proof of claim, that claim will be 'allowed' unless an objection is filed by a party in interest. If an objection is filed, the bankruptcy court must adjudicate the objection and determine whether the claim should be allowed. If the court determines that the claim should not be allowed—meaning that the creditor has no right to payment on the claim through the bankruptcy proceeding—the court enters an order disallowing the claim. Such an order is a final judgment for purposes of appeal and res judicata."); *see Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998).
[44] Fed R. Civ. P. 60(b).

establishes the timeframe in which a Rule 60 motion must be made.[45] This section requires that "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding."[46]

Here, the Judgment was issued on May 13, 2022[47] and the Motion to Reconsider was filed just under six months later on November 2, 2022.[48] The time between the filing of the Judgment and the Motion to Reconsider is clearly well under a year and thus the only relevant requirement under Rule 60(c) is that the motion be filed within a reasonable time.[49] However, Trustee maintains that the Taylor Claimants waiting until November 2, 2022 to file the Motion to Reconsider was an unreasonable delay.[50] Trustee argues that the Taylor Claimants have "provided no reason for their lengthy delay" and therefore, the Court should conclude that "they have always intended to utilize a Section 502(j) motion inappropriately as a substitute for the appeal of this Court's Judgment."[51]

At the Hearing, counsel for the Taylor Claimants, Charles Schmidt, explained that an illness in his family prevented him from promptly filing the Motion to Reconsider on behalf of his clients.[52] Furthermore, the Court disagrees with the Trustee's suggestion that the § 502(j) motion is not filed within a reasonable time simply because it extends past the date for filing a timely appeal. If Trustee's reasoning was correct, then the statutory timeline for filing an appeal would be the relevant timeline and not Rule 60. Trustee has provided no caselaw to support this assertion or offered any additional argument that the Motion to Reconsider was not filed within a reasonable

---

[45] FED R. CIV. P. 60(c).
[46] *Id.*
[47] ECF No. 793.
[48] ECF No. 869.
[49] FED R. CIV. P. 60(c).
[50] ECF No. 874.
[51] *Id.* at 3, ¶ 4.
[52] ECF No. 884.

time. Thus, the Trustee's argument is without merit and the Court will analyze the Taylor Claimants Rule 60(b) contentions.

### b. Whether the Taylor Claimants have shown cause under Rule 60(b)

Since the Court has determined that the Judgment was in fact litigated, Rule 60 will guide the for cause standard under § 502(j). Rule 60 provides a mechanism for a party to obtain relief from a final judgment.[53] Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.[54]

Although the Taylor Claimants primary position was that Rule 60(b) did not apply, the Taylor Claimants argue in the alternative that cause exists to obtain relief from judgment under Rules 60(b)(1) and 60(b)(6).[55] However, the basis of each of these two arguments is the same – that the Court erred in applying the improper standard when it found that the Taylor Claimants' Claims lacked standing and disallowed the Claims.[56]

On July 13, 2021, Trustee filed the Motion for Summary Judgment.[57] On December 14, 2021, the Court held a hearing in which it ordered additional briefing on the issue of standing and abated the Motion for Summary Judgment.[58] Specifically, the Court sought further argument as

---

[53] FED R. CIV. P. 60(b).
[54] *Id.*
[55] ECF No. 869.
[56] *Id.*
[57] ECF No. 705.
[58] *See* Docket Entry Dec. 14, 2021.

to whether numerous claims asserted by the Taylor Claimants were direct claims or derivative claims.[59] Based on the standing arguments put forth in the additional briefing, the Court issued its May 13, 2022 Judgement, in which it disallowed numerous claims of the Taylor Claimants and partially disallowed the claims of Donald Taylor.[60] In the Memorandum Opinion accompanying the May 13, 2022 Judgment, the Court detailed the summary judgment standard and stated that the Taylor Claimants "bear the burden of alleging facts that affirmatively demonstrate [this Court's] jurisdiction to hear [this] case."[61] The Court then analyzed each of the Claims noting that the Taylor Claimants repeatedly failed to cite materials to support their assertion of standing.[62]

In the Motion to Reconsider, the Taylor Claimants contend that the Court's application of the summary judgment standard was improper and that the Taylor Claimants did not have the burden of providing materials to support their assertion of standing to bring the Claims.[63] The Taylor Claimants highlight the fact that the Court abated the Motion for Summary Judgment.[64] Furthermore, the Taylor Claimants contend that since the Court did not specifically state that it would consider the standing arguments in the briefs under the Rule 56 standard, the Taylor Claimants did not have proper notice.[65] In the Response, the Trustee asserts that the Court applied the proper standard and that the Taylor Claimants themselves erred by failing to include sufficient supporting evidence.[66]

---

[59] *Id.*
[60] ECF No. 792.
[61] *Id.* at 15-16 (quoting *Wesolek v. Layton*, 871 F. Supp. 2d 620, 628 (S.D. Tex. May 18, 2012)).
[62] *Id.* at 19, 20, 21, 23.
[63] ECF No. 869.
[64] *Id.*
[65] *Id.*
[66] ECF No. 874.

Rule 56(f) governs sua sponte grants of summary judgment.[67] Under this rule, a court must give the parties notice and an opportunity to be heard before ruling sua sponte on a claim.[68] A district court that "does not comply with the advance notice and response provisions of Rule 56(c) has no power to enter summary judgment."[69]

Here, the Court's decision to dismiss the Claims was based on a sua sponte finding rather than arguments raised by the Trustee.[70] Although the Court attempted to provide notice to the parties when it ordered additional briefing on the narrow issue of standing, the Court finds the arguments of the Taylor Claimants raised in the Motion to Reconsider to be well-founded. Due to the Court's abatement of the Motion for Summary Judgment and the absence of a clear statement indicating that the additional briefing would be analyzed as a sua sponte motion for summary judgment, the Court did not provide sufficient notice under Rule 56(f) and thus provides cause for reconsideration of the May 13, 2022 Judgment under Rule 60(b)(1). Thus, the Taylor Claimants have demonstrated sufficient cause exists under § 502(j).

Accordingly, the Motion to Reconsider is granted pursuant to § 502(j). The May 13, 2022 Judgement (ECF No. 793) is vacated.

## IV. Conclusion

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

---

[67] Fed. R. Civ. P. 56(f).
[68] *Id.*
[69] *Ind. Port Com. v. Bethlehem Steel Corp.*, 702 F.2d 107, 111 (7th Cir. 1983).
[70] ECF No. 792.

SIGNED January 25, 2023

_____
Eduardo V. Rodriguez
Chief Judge
United States Bankruptcy Court