United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 15-31305** |
| **PORTER DEVELOPMENT PARTNERS, LLC** | § | |
| **and** | § | |
| **WB MURPHY ROAD DEVELOPMENT, LLC** | § | |
| **and** | § | |
| **CREEKMONT PLAZA PARTNERS, L.P.** | § | |
| **and** | § | |
| **CREEKMONT PLAZA PARTNERS GP, LLC** | § | |
| **and** | § | |
| **REPLACEMENT SANCTUARY GP, LLC** | § | |
| **and** | § | |
| **WB SANCTUARY GP, LLC** | § | |
| **and** | § | |
| **WB CHANCEL GP, LLC** | § | |
| **and** | § | |
| **WB 2610, LLC** | § | |
| **and** | § | |
| **MEADOW CREST DEVELOPERS 226, L.P.** | § | |
| **and** | § | |
| **MEADOW CREST DEVELOPERS GP, LLC** | § | |
| **and** | § | |
| **MORTON & PORTER, L.P.** | § | |
| **and** | § | |
| **MORTON & PORTER GP, LLC** | § | |
| **and** | § | |
| **RIATA WEST INVESTMENT, LLC** | § | |
| **and** | § | |
| **LAKECREST VILLAGE INVESTMENTS, LLC** | § | |
| **and** | § | |
| **WB REAL ESTATE HOLDINGS, LLC** | § | |
| **and** | § | |
| **US PUBLIC - PRIVATE REAL ESTATE FUND I, LP** | § | |
| **and** | § | |
| **WALLACE BAJJALI INVESTMENT** | | |

| | | |
|---|---|---|
| **FUND II, LP** | § | |
| **and** | § | |
| **WEST HOUSTON WB REALTY FUND, LP** | § | |
| **and** | § | |
| **WBIF II GP, LLC** | § | |
| **and** | § | |
| **WB SUBSTITUTE GP, LLC** | § | |
| **and** | § | |
| **PPP MANAGEMENT, LLC,** | § | |
| **Debtors.** | § | **Jointly Administered** |
| | § | **CHAPTER 7** |
| | § | |

**MEMORANDUM OPINION**

Before the Court is the "Trustee's Second Motion to Enforce Agreed Order and for Wayne English to Appear and Show Cause Why He Should Not Be Held in Contempt" (the "*Motion for Contempt*") filed on May 25, 2026. Dkt. No. 1050. Lowell T. Cage, Trustee for the debtors' jointly administered cases (the "*Trustee*") seeks an order finding Wayne English ("*English*") in civil contempt for continuous violation of the Court's "Agreed Order on Trustee's Motion for Sanctions" entered on March 23, 2022 (the "*Agreed Sanctions Order*"). Dkt. No. 770. In response, English filed an "Answer and Motion to Strike and Motion to Dismiss to Trustee's Second Motion to Enforce Agreed Order and for Wayne English to Appear and Show Cause Why He Should Not Be Held in Contempt" ("*Motion to Dismiss*") on July 2, 2026. Dkt. No. 1065. Additionally, English filed his "Evidentiary Objections and Motion to Strike Regarding Trustee's Evidence in Support of Trustee's Second Motion to Enforce Agreed Order" ("*Motion to Strike*") on July 17, 2026. Dkt. No. 1072.

After conducting an evidentiary hearing on July 21, 2026, and reviewing the record, the Court finds that English violated the Agreed Sanctions Order by filing pleadings and an appeal without obtaining prior authorization from this Court as required. The Trustee has established by clear and convincing evidence that (1) the Agreed Sanctions Order was in effect, (2) the Agreed

Sanctions Order required English to obtain Court approval before filing pleadings or appeals relating to his Fund II (defined below) investment or the Trustee's administration and closing of the estates, and (3) English failed to comply by filing an Objection to the Final Reports and Final Fee Applications, Motions for Rehearing, Motions for New Trial, and a Notice of Appeal without obtaining prior Court authorization.

The contempt determination turns solely on whether English violated the clear terms of the order, which he indisputably did. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 583–84 (5th Cir. 2000); *FDIC v. LeGrand*, 43 F.3d 163, 170–71 (5th Cir. 1995); *NLRB v. Sw. Bell Tel. Co.*, 730 F.2d 166, 173–74 (5th Cir. 1984). English has not established an inability to comply or any other recognized defense. *Garrett v. Coventry II DDR/Trademark Montgomery Farm, L.P. (In re White-Robinson)*, 777 F.3d 792, 798 (5th Cir. 2015) (citation omitted). This Court has the authority under 11 U.S.C. § 105(a) to issue civil contempt orders necessary to enforce compliance with its orders and carry out the provisions of the Bankruptcy Code. *Placid Refin. Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)*, 108 F.3d 609, 612–13 (5th Cir. 1997). English's repeated violations demonstrate a disregard for this Court's orders and necessitate enforcement through civil contempt.

A separate order will be entered granting the Trustee's Motion for Contempt and denying English's Motion to Dismiss and Motion to Strike. The Court will award appropriate sanctions and attorneys' fees to compensate the Trustee and the bankruptcy estate for the unnecessary costs incurred as a result of English's contemptuous conduct. Within fourteen (14) days of the date of this Order, the Trustee must file an Application for Payment of Attorneys' Fees ("*Fee Application*") with the Court relating to the Motion for Contempt and the show cause hearing held by the Court. If the Trustee and English reach an agreement on the Fee Application, they may file

their proposed agreed order with the Clerk of Court. If no agreement can be reached by the Trustee and English, an evidentiary hearing will be scheduled by the Court upon filing of the Fee Application by the Trustee and a response by English. As an additional non-monetary sanction, the Clerk of Court is directed not to accept any future filing by English unless English (i) timely obtains appropriate leave from this Court and (ii) provides proof that all monetary sanctions have been paid in full. Any pleading filed by English without fully complying with this order is deemed null and void.

## I. BACKGROUND

On March 23, 2022, this Court entered the Agreed Sanctions Order resolving the Trustee's "Motion for Rule 9011 Sanctions" filed on February 23, 2022. Dkt. No. 770. The Agreed Sanctions Order requires English to obtain approval from this Court prior to filing any pleadings or appeals relating to his pre-petition investment in Wallace Bajjali Investment Fund II, L.P. ("*Fund II*") or the Trustee's administration and closure of the bankruptcy estates of Porter Development Partners, LLC ("*Porter*"), WB Murphy Road Development, LLC ("*Murphy Road*"), Creekmont Plaza Partners, L.P., Creekmont Plaza Partners GP, LLC, Replacement Sanctuary GP, LLC, WB Sanctuary GP, LLC, WB Chancel GP, LLC, WB 2610, LLC, Meadow Crest Developers 226, L.P., Meadow Crest Developers GP, LLC, Morton & Porter, L.P., Morton & Porter GP, LLC, Riata West Investment, LLC, Lakecrest Village Investments, LLC, WB Real Estate Holdings, LLC, US Public - Private Real Estate Fund I, LP, Wallace Bajjali Investment Fund II, LP, West Houston WB Realty Fund, LP, WBIF II GP, LLC, WB Substitute GP, LLC, and PPP Management, LLC (collectively the "*Debtors*"). *Id*. The Agreed Sanctions Order specifically states that "[a]ny pleading filed by English and Colling without obtaining authority from this Court prior to its filing shall be stricken by the Court." *Id*. at 1. On June 29, 2022, this Court entered an order after a show

cause hearing, affirming that the Agreed Sanctions Order remained in full force and effect. Dkt. No. 828. The Fifth Circuit Court of Appeals subsequently opined on November 7, 2023, that "English filed his notice of appeal in violation of an agreed order [the Agreed Sanctions Order] in the bankruptcy court" and held that "the district court did not abuse its discretion in denying the motion for extension of time to file the notice of appeal." Dkt. No. 1070-4, at 8.

On December 9, 2025, following approval of his final reports for the estates of Porter Development Partners, LLC, WB Murphy Road Development, LLC, and Fund II, Dkt. Nos. 1015–16, the Trustee filed his "Application for Trustee's Compensation and Expenses." Dkt. No. 1017. On December 30, 2025, English filed an "Objection to Notice of Trustee's Final Report and Application for Compensation and Request for a Hearing" ("*Objection to Application for Compensation*") without requesting permission from this Court. Dkt. No. 1021. On January 14, 2026, English filed a "Motion for Rehearing to Order Approving Trustee's Compensation and Expenses" ("*Motion for Rehearing*"). Dkt. No. 1026. This Court struck that motion on February 5, 2026, for procedural deficiencies. Dkt. No. 1033. On February 2, 2026, this Court conducted a hearing on the Trustee's "Final Report and Application for Compensation and Deadline to Object (NFR)" ("*Final Report*"), at which English appeared pro se and presented no credible or relevant evidence. Feb. 2, 2026 Min. Entry. The Court approved the Final Report on February 2, 2026. *Id.*

On February 19, 2026, English filed an "Amended Motion for New Trial Pursuant to Bankruptcy's Order to Strike Previously Filed Motion for New Trial for Clerical Errors" ("*First Amended Motion for New Trial*"), Dkt. No. 1035, which the Court struck on February 20, 2026, for procedural deficiencies. Dkt. No. 1036. English filed the "Amended Motion for New Trial Pursuant to Bankruptcy's Order to Strike Previously Filed Motion for New Trial for Clerical Errors" ("*Second Amended Motion for New Trial*") on February 20, 2026. Dkt. No. 1038. The

Trustee filed his "Response to Amended Motion for New Trial Pursuant to Bankruptcy Court's Order to Strike Previously Filed Motion for New Trial for Clerical Errors" on March 16, 2026. Dkt. No. 1039. This Court denied the Second Amended Motion for New Trial on April 21, 2026, finding that the motion "fail[ed] to identify with specificity the judgment that was allegedly entered in error" and "fail[ed] to state, with particularity, the grounds for relief under Federal Rule of Civil Procedure 59 or 60." Dkt. No. 1041. On May 5, 2026, English filed a "Notice of Appeal and Statement of Election" ("*Notice of Appeal*") without requesting prior authorization from this Court. Dkt. No. 1043.

On May 25, 2026, the Trustee filed the instant Motion for Contempt. Dkt. No. 1050. In response, English filed his Motion to Dismiss on July 2, 2026. Dkt. No. 1065. On July 6, 2026, the Court rescheduled the show cause hearing to July 21, 2026. Dkt. No. 1067. On July 17, 2026, English filed his Motion to Strike. Dkt. No. 1072. The Court conducted the evidentiary hearing on July 21, 2026, as scheduled.

## II. Jurisdiction, Venue, and Constitutional Authority

This Court has subject matter jurisdiction over this civil contempt proceeding under 28 U.S.C. §§ 1334 and 157. Section 1334 grants federal district courts original and exclusive jurisdiction over all cases under title 11 and original but not exclusive jurisdiction over all civil proceedings arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 1334. The United States District Court for the Southern District of Texas ("*District Court*") has referred bankruptcy cases and proceedings to this Court pursuant to the Standing Order of Reference and 28 U.S.C. § 157(a).

A civil contempt proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This proceeding concerns the administration of the estate, as it seeks to enforce compliance with a court

order issued to prevent waste of estate resources and abuse of the judicial process. *Garrett*, 777 F.3d at 795–96. The Court therefore has statutory authority to hear this matter and enter final orders. 28 U.S.C. § 157(b)(2)(A); *Terrebonne Fuel & Lube, Inc.*, 108 F.3d at 612–13.

Venue is proper in this Court because these chapter 7 cases[1] are pending in the Southern District of Texas, Houston Division. 28 U.S.C. § 1409(a). The contempt proceeding arises directly from violations of this Court's orders entered in these bankruptcy cases.

Bankruptcy courts possess the statutory authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, including civil contempt orders necessary to enforce court orders. *Terrebonne Fuel & Lube, Inc.*, 108 F.3d at 612–13. As the Fifth Circuit has held, "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *Id.* at 613. Civil contempt proceedings that enforce bankruptcy court orders are core proceedings within the bankruptcy court's constitutional authority. *Garrett*, 777 F.3d at 795–96. In *Garrett*, the Fifth Circuit held that a bankruptcy court's civil contempt order enforcing its prior sanctions orders constituted a core proceeding within the court's jurisdiction. *Id.* The Fifth Circuit reasoned that civil contempt orders serve to coerce compliance or compensate parties injured by noncompliance, and "concern[ ] the administration of the estate" as required by statute and precedent. *Id.* (citation omitted). This Court's authority to enforce the Agreed Sanctions Order

---

[1] The following cases are jointly administered with the above-captioned case pursuant to the Order for Joint Administration of Cases, Dkt. No. 19: WB Murphy Road Development, LLC, Case No. 15-31307; Creekmont Plaza Partners, L.P., Case No. 15-31362; Creekmont Plaza Partners GP, LLC, Case No. 15-31363; Replacement Sanctuary GP, LLC, Case No. 15-31760; WB Sanctuary GP, LLC, Case No. 15-31761; WB Chancel GP, LLC, Case No. 15-31762; WB 2610, LLC, Case No. 15-31763; Meadow Crest Developers 226, L.P., Case No. 15-31764; Meadow Crest Developers GP, LLC, Case No. 15-31765; Morton & Porter, L.P., Case No. 15-31766; Morton & Porter GP, LLC, Case No. 15-31767; Riata West Investment, LLC, Case No. 15-31768; Lakecrest Village Investments, LLC, Case No. 15-31769; WB Real Estate Holdings, LLC, Case No. 15-31770; US Public - Private Real Estate Fund I, LP, Case No. 15-31771; Wallace Bajjali Investment Fund II, LP, Case No. 15-31772; West Houston WB Realty Fund, LP, Case No. 15-31773; WBIF II GP, LLC, Case No. 15-31774; WB Substitute GP, LLC, Case No. 15-31775; PPP Management, LLC, Case No. 15-31776.

through civil contempt is not affected by the pending appeal in the District Court. *Id.* at 796. This Court retains jurisdiction to enforce its orders unless stayed, and no stay has been obtained here. *Id.*

A contempt order enforces compliance with court orders integral to the bankruptcy process and facilitates orderly administration of the estate. *Id.* at 795–96. Bankruptcy courts, however, lack criminal contempt power and are limited to civil contempt remedies. *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 98 F.4th 170, 174 (5th Cir. 2024) (citation omitted). Civil contempt sanctions are narrowly limited to coercion or compensation; any purpose aimed at punishment or vindication of court authority would be impermissible. *Id.* at 174–75. The Court's authority under § 105(a) extends only to civil, not criminal, contempt powers. *Id.*

The Court has reviewed the constitutional framework established in *Stern v. Marshall* and its progeny. *Stern v. Marshall*, 564 U.S. 462 (2011); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014). Contempt proceedings to enforce a bankruptcy court's own orders do not implicate the *Stern* limitations because they do not adjudicate private rights independent of the bankruptcy process but rather enforce the bankruptcy court's authority over matters concerning the administration of the estate. *Garrett*, 777 F.3d at 795–96. This Court therefore has constitutional authority to enter a final order on the Trustee's Motion for Contempt.

## III. Legal Standard

A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order. *Am. Airlines, Inc.*, 228 F.3d at 581; *LeGrand*, 43 F.3d at 170; *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). "The contemptuous actions need not be willful so long as the contemnor actually failed

to comply with the court's order." *Am. Airlines, Inc.*, 228 F.3d at 583–84 (citation omitted). In civil contempt proceedings for violation of a consent judgment or agreed order, the respondent's intent or good faith is irrelevant; the only necessary finding is whether the judgment was in fact violated. *Sw. Bell Tel. Co.*, 730 F.2d at 173–74. Contempt is adjudged on the fact of violation. *Id.* "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Grp., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). "The order must state its terms specifically and describe in reasonable detail the act or acts restrained or required." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (cleaned up) (citation and quotation omitted).

However, a court "need not anticipate every action to be taken in response to its order, nor spell out in detail the means in which its order must be effectuated." *Am. Airlines, Inc.*, 228 F.3d at 578 (citation omitted). "[A] district court is entitled to a degree of flexibility in vindicating its authority against actions that, while not expressly prohibited, nonetheless violate the reasonably understood terms of the order." *Hornbeck Offshore Servs.*, 713 F.3d at 792. "The judicial contempt power . . . should not be used if the court's order upon which the contempt was founded is vague or ambiguous." *Baddock v. Villard (In re Baum)*, 606 F.2d 592, 593 (5th Cir. 1979) (citation omitted).

Nevertheless, civil contempt cannot be imposed if the contemnor lacks the present ability to comply with the court order. *Pierce v. Vision Invest., Inc.*, 779 F.2d 302, 310 (5th Cir. 1986) (citation omitted). When a substantial period has elapsed, courts must reconsider or hold a hearing to determine the contemnor's present ability to comply. *Id.*

Finally, under 11 U.S.C. § 105(a), "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *Terrebonne Fuel & Lube, Inc.*, 108 F.3d at 613. The only lawful purposes of civil contempt sanctions issued by bankruptcy courts are to coerce compliance with orders or compensate for actual harm. *Ingalls v. Thompson (In re Bradley*), 588 F.3d 254, 263–64 (5th Cir. 2009). An order that compensates a debtor for damages suffered as a result of a creditor's violation of a post-confirmation injunction is both necessary and appropriate to carry out the provisions of the Bankruptcy Code. *Id.* Bankruptcy courts have inherent powers to sanction parties for conduct necessary to ensure the orderly and expeditious disposition of their dockets, which may include pre-filing injunctions against vexatious litigants. *See Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017).

## IV. ANALYSIS

To prevail on his Motion for Contempt, Trustee must prove three elements: (1) that a court order was in effect; (2) the order required certain conduct by English; and (3) English failed to comply with the order. *Am. Airlines, Inc.*, 228 F.3d at 581; *LeGrand*, 43 F.3d at 170. The Court examines each element in turn.

### A. Whether a Court Order Was in Effect

The first element of civil contempt requires that a court order be in effect at the time of the alleged violation. *Am. Airlines, Inc.*, 228 F.3d at 581; *LeGrand*, 43 F.3d at 170. There is no dispute that the Agreed Sanctions Order entered on March 23, 2022, was a valid court order in effect at all relevant times. This Court affirmed on June 27, 2022, that the Agreed Sanctions Order "remains in full force and effect." Dkt. No. 826, ¶ 3. The Fifth Circuit has recognized that English was bound

by the Agreed Sanctions Order. Dkt. No. 1050-3. Thus, the first element is established by clear and convincing evidence.

**B. Whether the Order Required Specific Conduct**

The second element mandates that the order require certain conduct by the respondent. *Am. Airlines, Inc.*, 228 F.3d at 581; *LeGrand*, 43 F.3d at 170. The Agreed Sanctions Order contains clear, specific, and definite language requiring English to obtain approval from this Court before filing pleadings or appeals. Paragraph 2 of the Agreed Sanctions Order states:

> Prior to filing any pleadings including, but not limited to, motions and applications, responses and/or objections to motions and applications filed by the Trustee, the U.S. Trustee, or any other party in interest, proofs of claims, objections to proofs of claims filed by the Trustee or any other party in interest, or appeals of Orders entered by this Court, relating to or arising from their pre-petition investments in the Wallace Bajjali Investment Fund II L.P. or the Trustee's objections to their proofs of claims filed in Debtors' cases or to his administration and closing of the Debtors' estates, English . . . shall timely obtain appropriate leave from this Court.

Dkt. No. 770, ¶ 2.

This language is neither vague nor ambiguous. *Baddock*, 606 F.2d at 593. The Agreed Sanctions Order specifically identifies the categories of filings subject to the pre-filing requirement: motions, applications, responses, objections, proofs of claims, and appeals. Dkt. No. 770, ¶ 2; *Hornbeck Offshore Servs.*, 713 F.3d at 792–95. The Agreed Sanctions Order also defines the scope of matters covered: those relating to English's pre-petition investment in Fund II or the Trustee's administration and closing of the Debtors' estates. Dkt. No. 770, ¶ 2.

English's Objection to Application for Compensation filed on December 30, 2025, Dkt. No. 1021, plainly falls within the scope of pleadings covered by the Agreed Sanctions Order. English's Objection to Application for Compensation relates directly to the Trustee's administration and closing of the Debtors' estates. *Id.* ¶¶ 14–18 (criticizing the Trustee's decisions to "give[ ] first priority status to Stanley's claim," "continue[ ] to file separate partnership tax

returns," "refuse[ ] to provide partnership records or tax documents to bankruptcy creditors and to partnership members," and "not correct[ ] any of the [Texas Franchise R]eports."). Similarly, English's Motion for Rehearing, First Amended Motion for New Trial, and Second Amended Motion for New Trial, filed on January 14, 2026, February 19, 2026, and February 20, 2026, respectively, are all related to the Trustee's final fee applications and final reports and thus fall within the Order's scope. Dkt. Nos. 1026, 1035, and 1038. Most significantly, the Agreed Sanctions Order expressly requires English to obtain this Court's approval before filing "appeals of Orders entered by this Court" relating to the Trustee's administration and closing of the estates. Dkt. No. 770, ¶ 2. English's Notice of Appeal filed on May 5, 2026, Dkt. No. 1043, challenges the Court's April 21, 2026 Order denying his Second Amended Motion for New Trial, Dkt. No. 1041, which is itself related to the final reports and final fee applications. The Notice of Appeal unambiguously falls within the pre-filing requirement. Dkt. No. 1043.

Accordingly, the Court finds that the Agreed Sanctions Order required English to obtain the Court's approval before filing the December 30, 2025 Objection to Application for Compensation, Dkt. No. 1021, the January 14, 2026 Motion for Rehearing, Dkt. No. 1026, the February 19, 2026 First Amended Motion for New Trial and February 20, 2026 Second Amended Motion for New Trial, Dkt. Nos. 1035 and 1038, and the May 5, 2026 Notice of Appeal, Dkt. No. 1043. Thus, the second element is established by clear and convincing evidence.

**C. Whether English Failed to Comply with the Order**

The third element requires that the respondent fail to comply with the Court's order. *Am. Airlines, Inc.*, 228 F.3d at 581; *LeGrand*, 43 F.3d at 170. The Trustee has presented clear and convincing evidence that English filed multiple pleadings and an appeal without obtaining prior Court authorization.

The Court's docket establishes that English filed the following documents without seeking the Court's approval beforehand: (1) Objection to Application for Compensation on December 30, 2025, Dkt. No. 1021; (2) Motion for Rehearing on January 14, 2026, Dkt. No. 1026; (3) First Amended Motion for New Trial on February 19, 2026, Dkt. No. 1035; (4) Second Amended Motion for New Trial on February 20, 2026, Dkt. No. 1038; and (5) Notice of Appeal on May 5, 2026, Dkt. No. 1043. The record contains no motion seeking leave to file any of these documents, and no order granting such leave. English admits that he filed these pleadings and the appeal. Dkt. No. 1065, ¶ 15. English does not dispute that he failed to file a motion requesting Court approval before submitting them. *See generally id.* ¶¶ 3–16. Instead, English asserts that he complied with the Agreed Sanctions Order by sending an email to Chief Judge Rodriguez with a notice of appeal for review on April 6, 2022. *Id.* ¶¶ 6, 15. English appears to argue that this 2022 email concerning a different appeal somehow satisfied his obligation under the Agreed Sanctions Order for all future filings, including the 2025 and 2026 pleadings at issue here. *See id.* This argument is meritless.

The Agreed Sanctions Order requires English to "obtain appropriate leave from this Court" before filing covered pleadings or appeals. Dkt. No. 770, ¶ 2. "Leave of court" requires filing a formal motion requesting permission and receiving an order from the Court granting that permission. *Leave of Court*, BLACK'S LAW DICTIONARY (10th ed. 2014). An informal email to chambers does not constitute obtaining leave from this Court. Moreover, even if an informal email could satisfy the requirement (which it cannot), English's alleged April 6, 2022 email concerned a different appeal filed years earlier and provided no authorization whatsoever for the December 2025 and subsequent 2026 filings at issue in this contempt proceeding. Dkt. No. 861-5. Each filing subject to the pre-filing injunction requires separate authorization. Dkt. No. 770, ¶ 2. English

cannot claim that a single informal communication in 2022 absolved him of the obligation to seek Court approval before filing multiple pleadings and an appeal in 2025 and 2026.

"The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc.*, 228 F.3d at 583–84 (citation omitted). In civil contempt proceedings for violation of an agreed order, the respondent's intent or good faith is irrelevant; the only necessary finding is whether the order was in fact violated. *Sw. Bell Tel. Co.*, 730 F.2d at 173–74. The test is whether the judgment was violated, not the contemnor's state of mind. *Id.* English's subjective belief that he was in compliance does not constitute a defense to civil contempt. *Id.*; *Am. Airlines, Inc.*, 228 F.3d at 583–84. The undisputed facts establish that English failed to seek Court authorization before filing the Objection to Application for Compensation, Dkt. No. 1021, Motion for Rehearing, Dkt. No. 1026, First Amended Motion for New Trial and Second Amended Motion for New Trial, Dkt. Nos. 1035 and 1038, and Notice of Appeal, Dkt. No. 1043. Thus, these failures constitute violations of the Agreed Sanctions Order.

The Court finds that English failed to comply with the Agreed Sanctions Order by filing four separate pleadings and an appeal without obtaining prior Court authorization as required. The third element is established by clear and convincing evidence. Thus, all three elements of civil contempt are satisfied.

**D. English's Affirmative Defenses**

English asserts several affirmative defenses in his Motion to Dismiss. Dkt. No. 1065, ¶¶ 1–2. The Court will address each in turn.

**1. Lack of Jurisdiction Due to Pending Appeal**

English argues that this Court lacks jurisdiction because he has appealed to the District Court. *Id.* ¶ 1. This argument fails. A bankruptcy court retains jurisdiction to enforce its orders

unless stayed, and no stay has been obtained. *Garrett*, 777 F.3d at 796 (citation omitted). The fact that English filed an appeal does not divest this Court of jurisdiction to enforce compliance with its pre-existing orders, including the Agreed Sanctions Order. The contempt proceeding enforces this Court's own order and concerns the administration of the estate, which remains within this Court's core jurisdiction. *Id.* at 795–96.

**2. Statute of Limitations**

English claims the Motion for Sanctions is "beyond the statute of limitations" and is "time-barred" because it was "filed more than four years after the last action in this case." Dkt. No. 1065, ¶ 4. This defense lacks merit. The violations at issue occurred in December 2025, Dkt. No. 1021; January 2026, Dkt. No. 1026; February 2026, Dkt. Nos. 1035 and 1038; and May 2026, Dkt. No. 1043. The Trustee filed the Motion for Contempt on May 25, 2026, less than six months after the first violation and within twenty days of the most recent violation (being the May 5, 2026 Notice of Appeal). Dkt. No. 1050. No statute of limitations bars this proceeding.

**3. Contributory Negligence, Fraud, Laches, and Res Judicata**

English lists contributory negligence, fraud, laches, and res judicata as affirmative defenses but provides no factual or legal support for any of these defenses. *Id.* ¶ 2. None of these doctrines apply to civil contempt proceedings for violation of a court order. *NLRB v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984) ("the only issue is the [contemnor's] actual compliance with th[e] Court's orders"). The test for civil contempt is whether the respondent violated a clear court order, not whether the movant was negligent, committed fraud, delayed unreasonably, or previously litigated the same issue. *Am. Airlines, Inc.*, 228 F.3d at 581; *LeGrand*, 43 F.3d at 170; *Martin*, 959 F.2d at 47. Thus, English's asserted defenses fail.

**E. English's Motion to Dismiss**

English moves to strike and/or dismiss the Motion for Contempt under Federal Rule of Civil Procedure 12(f), arguing that the Trustee's allegations and statements are "redundant, immaterial, impertinent, and scandalous." Dkt. No. 1065, ¶¶ 18–20. This argument is without merit. The Trustee's Motion for Contempt contains relevant factual allegations and legal argument directly pertinent to establishing the three elements of civil contempt. Dkt. No. 1050, ¶¶ 5–13. The Motion for Contempt identifies the court order in effect (the Agreed Sanctions Order, Dkt. No. 770), the conduct required (obtaining leave before filing), and English's failure to comply (filing multiple pleadings and an appeal without authorization). Dkt. No. 1050, ¶¶ 5–13. These allegations are neither immaterial nor impertinent.

English takes issue with the Trustee's characterization of his claims as "unsupported," "frivolous," and "lacking evidentiary support." Dkt. No. 1065, ¶ 19. Whether English's underlying claims have merit is irrelevant to the contempt determination. The relevant question is whether English violated the Agreed Sanctions Order by filing pleadings and an appeal without prior Court authorization, not whether his claims are meritorious. *Sw. Bell Tel. Co.*, 730 F.2d at 173–74. The Trustee's characterizations, even if argumentative, do not render the motion subject to striking. Moreover, a court may impose fines in civil contempt proceedings to compensate a party for unnecessary injuries suffered and costs incurred because of contemptuous conduct. 11 U.S.C. § 105; *Garrett*, 777 F.3d at 797–98. The Trustee is entitled to describe the nature and impact of English's violations in support of his request for compensatory sanctions.

**F. English's Motion to Strike**

English also moves to strike some of Trustee's evidence offered in support of the Motion for Contempt. Dkt. No. 1072. In his Motion to Strike, English objects to the Trustee's exhibits 3 and 5–10 at Dkt. No. 1070, arguing that these exhibits are beyond the statute of limitations,

documents filed prior to the Agreed Sanctions Order, irrelevant, prejudicial, and/or cannot prove or disprove any violation of the Agreed Sanctions Order. *Id.* at 3–5.

At the hearing on this matter held July 21, 2026, this Court took judicial notice of Trustee's exhibits 3, 9, and 10, and admitted exhibits 5, 7, and 8. July 21, 2026 Min. Entry. Having addressed the matters raised in the Motion to Strike at the hearing, and having now ruled on the Trustee's Motion for Contempt, English's Motion to Strike is now DENIED as MOOT.

## V. CONCLUSION

The Trustee has established by clear and convincing evidence that (1) the Agreed Sanctions Order was in effect, (2) the Agreed Sanctions Order required English to obtain Court approval before filing pleadings or appeals relating to his Fund II investment or the Trustee's administration and closing of the Debtors' estates, and (3) English failed to comply by filing an Objection to Application for Compensation, Motion for Rehearing, First Amended Motion for New Trial, Second Amended Motion for New Trial, and a Notice of Appeal without obtaining prior Court authorization.

English has not established inability to comply or any other recognized defense. This Court has authority under 11 U.S.C. § 105(a) to issue civil contempt orders necessary to enforce compliance with its orders and carry out the provisions of the Bankruptcy Code. *Terrebonne Fuel & Lube, Inc.*, 108 F.3d at 613. English's repeated violations demonstrate a disregard for this Court's orders and necessitate enforcement through civil contempt.

A separate order will be entered granting the Trustee's Motion for Contempt. The Court will award appropriate sanctions and attorneys' fees to compensate the Trustee and the estate for the unnecessary costs incurred as a result of English's contemptuous conduct. Within fourteen (14) days of the date of this order, the Trustee shall file a Fee Application with the Court relating to the

Motion for Contempt and the show cause hearing held by the Court. If the Trustee and English reach an agreement on the Fee Application, they may file their proposed agreed order with the Clerk of Court. If no agreement can be reached by the Trustee and English, an evidentiary hearing will be scheduled by the Court upon filing of the Fee Application by the Trustee. As an additional non-monetary sanction, the Clerk of Court is directed not to accept any future filing by English unless English (i) timely obtains appropriate leave from this Court and (ii) provides proof that all monetary sanctions have been paid in full. Any pleading filed by Mr. English without fully complying with this Order is deemed null and void.

A separate Order consistent with the foregoing shall enter contemporaneously herewith.

**SIGNED Monday, September 14, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**